**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**ARMAND ABRAMS, JAMES BACA,
AL BENAVIDEZ, AMALIA GALLEGOS,
STEPHEN HIGGINS, DAVID SALAS,
JOHN SHEETS, LOISEL SOTELO,
and LEE WHISTLE, on their own behalf
and on behalf of all others similarly
situated,**                                                    **29 U.S.C. § 216(b) Collective Action**

       **Plaintiffs,**

**v.**                                                                    **No. 10-CV-872**

**CITY OF ALBUQUERQUE,
a municipal corporation,**                                **JURY TRIAL DEMANDED**

       **Defendants.**

**COLLECTIVE ACTION COMPLAINT
(29 U.S.C. § 216(b))**

COME NOW Plaintiffs Armand Abrams, James Baca, Al Benavidez, Amalia Gallegos,

Stephen Higgins, David Salas, John Sheets, Loisel Sotelo and Lee Whistle, by and through their

counsel, **YOUTZ & VALDEZ, P.C.** (Shane C. Youtz, Marianne Bowers), and for their Complaint

against the above-captioned Defendant, state as follows:

    1.     Plaintiffs are residents of New Mexico.

    2.     Defendant City of Albuquerque is a "home rule" municipal corporation located in

New Mexico, and Plaintiffs' employer.

    3.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this cause of action

is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

1

4.      Plaintiffs are currently employed by Defendant.

5.      Defendant classifies Plaintiffs as non-exempt under the FLSA.

6.      During the month of July, 2010, the City of Albuquerque unilaterally and without notice reduced Plaintiffs hourly wage rates, in violation of the FLSA.  Although the City ultimately provided notice to Plaintiffs that it intended to reduce their hourly wages, it took this action prior to notifying the employees.  Plaintiffs are similarly situated to hundreds, or thousands, of other employees (opt-in plaintiffs).

7.      Like Plaintiffs, opt-in plaintiffs had their wage rates reduced in July, 2010.  Such reductions were made unilaterally and without notice to opt-in plaintiffs.

8.      These opt-in plaintiffs represent job classifications across the spectrum of services provided by the City of Albuquerque.

9.      Defendant violated the FLSA (29 U.S.C. § 201 et seq.) by refusing to pay plaintiffs the agreed upon hourly wage rate.

10.     Such a violation was willful within the meaning of 29 U.S.C. § 255(a), particularly considering that Plaintiffs were paid a wage rate lower than the established rate.

11.     Plaintiffs and opt-in plaintiffs seek money judgment for all work performed not paid as defined and required by the FLSA (29 U.S.C. § 201 et seq.) for themselves and other similarly situated employees in an amount to be determined by the trial of fact and/or the Court, together with all damages and costs allowed by 29 U.S.C. § 216.

12.     Plaintiffs bring this action as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and a class representing all persons employed by Defendant working on an hourly basis.

13.     Common issues of law and fact exist, which make members of the collective action similarly situated for purposes of a collective action including, but not limited to, the following:

        a.     Whether Defendant is an employer as that term is defined by the FLSA.

        b.     Whether Defendant's failure to properly pay its employees was willful.

        c.     Whether a claim for violations of the FLSA can be made out under the facts alleged herein.

14.     A collective action is superior to other methods of resolving the controversy.

### COUNT I: FLSA VIOLATION

15.     Plaintiffs' complaint states a simple violation of the FLSA.  Defendant violated the FLSA by not paying employees at the agreed upon wage rate.   As a result, Plaintiffs, opt-in plaintiffs, and all others similarly situated are entitled to damages, fees and expenses as set forth in the FLSA.

16.     Defendant's failure to pay these wages was willful, intentional, and malicious.

17.     As a direct and proximate result of Defendant's failure to properly pay overtime wages, Plaintiffs, opt-in plaintiffs, and all others similarly situated, have suffered damages in the form of lost wages and lost use of such wages.

### CONCLUSION

WHEREFORE, Plaintiffs pray for:

a.     That the class be certified under the FLSA as a collective action and that Plaintiffs be allowed, at the earliest possible time, to give notice, or that the Court issue such notice, to all hourly employees of Defendant's in all locations within New Mexico that this action has been filed, the nature of the action, and of their right to opt in to this lawsuit if they worked overtime but were not

paid for such time;

  b.       Trial by jury;

  c.       Compensatory damages;

  d.       Liquidated damages pursuant to statute;

  e.       A preliminary and permanent injunction pursuant to 29 U.S.C. § 216 as the Court

finds appropriate to prohibit Defendant from further violating the FLSA;

  f.       Pre- and post- judgment interest as permitted by law;

  g.       Attorneys fees and cost; and

  h.       Such other and further relief as the Court deems necessary and appropriate.


Dated: September 20, 2010                    Respectfully submitted,

                                             YOUTZ & VALDEZ, P.C.


                                             _____/s/_____
                                             Shane C. Youtz (shane@youtzvaldez.com)
                                             Marianne Bowers (marianne@youtzvaldez.com)
                                             900 Gold Avenue SW
                                             Albuquerque, NM  87102
                                             (505) 244-1200 – Telephone

                                             *Attorneys for Plaintiffs*