IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARMAND ABRAMS, et al.,

      Plaintiffs,

v.                                                                  No. 10-cv-872 MV/RHS

CITY OF ALBUQUERQUE,
a municipal corporation,

      Defendant

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant City of Albuquerque's Motion to Dismiss (Doc. 5). The Court, having considering the motion, the memoranda submitted by the parties, relevant authorities, and being otherwise fully informed, will **GRANT** the Motion.

## FACTUAL BACKGROUND

Plaintiffs are employees of Defendant City of Albuquerque and are classified by the City of Albuquerque as non-exempt under the Fair Labor Standards Act ("FLSA"). (Doc. 1 at ¶¶ 4-5). Plaintiff's Collective Action Complaint allege that "[d]uring the month of July, 2010, the City of Albuquerque unilaterally and without notice reduced Plaintiffs hourly wage rate, in violation of the FLSA. Although the City ultimately provided notice to Plaintiffs that it intended to reduce their hourly wages, it took this action prior to notifying the employees." (*Id.* at ¶ 6). Plaintiffs contend that as a result, the City of Albuquerque violated the FLSA "by refusing to pay plaintiffs the agreed upon hourly wage rate." (*Id.* at ¶ 9). Specifically, Plaintiffs alleges: "Plaintiffs' complaint states a simple violation of the FLSA. Defendants violated the FLSA by not paying employees at the agreed upon wage rate. As a result, Plaintiffs, opt-in plaintiffs, and all other similarly situated are

entitled to damages, fees and expenses as set forth in the FLSA." (*Id.* at ¶ 15). The final numbered paragraph of Plaintiff's Complaint, paragraph 17, is the only paragraph to mention overtime wages; it alleges in full: "As a direct and proximate result of Defendant's failure to properly pay overtime wages, Plaintiffs, opt-in plaintiffs, and all other similarly situated, have suffered damages in the form of lost wages and lost use of such wages." (*Id.* at ¶ 17). The Complaint contains no allegation that the reduced hourly wage rates paid by the City of Albuquerque violate the minimum wage provisions of the FLSA.

## **ANALYSIS**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotations and citation omitted).

In opposing the Motion to Dismiss, Plaintiffs first argue that the City of Albuquerque failed to pay overtime wages at one and one-half times the regular rate. The FLSA requires an employer pay an employee overtime for hours in excess of 40 per workweek "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). An employee's regular rate of pay is "deemed to include all remuneration for employment paid to, or on behalf of, the employee," subject to certain enumerated exceptions. 29 U.S.C. § 207(e). Here, Plaintiffs contend that the City of Albuquerque refused to pay Plaintiffs the agreed upon hourly wage rate and, as a result, overtime was not paid at one and one-half times the regular rate. There is authority for

the proposition that an employee's regular rate is determined by looking to the employment arrangement. *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1305 (10th Cir. 2011); *see also Sobczak v. AWL Indus., Inc.*, 540 F. Supp. 2d 354, 361 (E.D.N.Y. 2007) (finding employer cannot avoid its FLSA obligations by breaching its contract and paying a worker less than contractually required and holding plaintiffs had stated a claim for violation of the FLSA where they alleged that under state prevailing wage law, they should have received a higher based rate and thus their overtime pay was calculated using the wrong rate). Here, however, as Plaintiffs themselves acknowledge, "Plaintiffs have not specifically alleged a failure to pay overtime hours." (Doc. 9 at p. 3). There is no allegation that Plaintiffs even worked overtime hours, much less an allegation that Plaintiffs were not paid overtime wages at one and one-half times the regular rate. The only mention of overtime wages in the Complaint is an assertion in paragraph 17, which alleges that Plaintiffs were damaged as a result of "Defendant's failure to properly pay overtime wages." This conclusory assertion is not only insufficient to state a claim, but the Court must disregard it under *Iqbal*. 129 S. Ct. at 1949-50.

  Plaintiffs next suggest that Defendant's failure to pay straight time wages at the regular rate violates the FLSA. Plaintiffs, however, cite no provision of the FLSA that they contend was violated and no legal authority for their proposition that such conduct violates the FLSA. The Court finds that Plaintiffs' allegations that the City of Albuquerque failed to pay straight time wages at the "agreed upon wage rate" does not state a claim under the FLSA.

  Finally, Plaintiffs have requested leave to file an amended complaint to allege violations of the FLSA's provisions regarding overtime wages and to bring supplement state law claims. The Court will afford Plaintiff an opportunity to file a motion for leave to amend, to which Plaintiffs must attach a proposed amended complaint. Such motion must be brought within 10-days of entry

of this Memorandum Opinion and Order.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Collective Action Complaint is dismissed. Plaintiffs shall have 10-days from entry of this Memorandum Opinion and Order in which to seek leave to file an amended complaint. Should Plaintiffs fail to file a motion seeking leave to amend their complaint within the 10-day period, this action will be dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Certification of the Collective Action and Court-Facilitated Notice to Similarly-Situated Employees (Doc. 22) is denied as moot.

Dated this 29th day of July, 2011.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiffs:*
    Shane C. Youtz, Esq.
    Marianne Bowers, Esq.

*Attorneys for Defendant:*
    Michael I. Garcia, Esq.
    Shelley B. Mund, Esq.