**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

ARMAND ABRAMS, JAMES BACA AL
BENAVIDEZ, AMALIA GALLEGOS, STEPHEN
HIGGINS, DAVID SALAS, JOHN SHEETS,
LOISEL SOTELO, and LEE WHISTLE, on their own
behalf and on behalf of all others similarly situated,

       Plaintiffs,

v.                                            Civ. No. 10-0872 MV/RHS

CITY OF ALBUQUERQUE, a municipal corporation,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant's Motion and Memorandum in Support Thereof to Reconsider the Court's September 24, 2013, Memorandum Opinion and Order Regarding Conditional Certification and Notice ("Motion to Reconsider"), filed October 4, 2013 [Doc. 56], and Plaintiffs' Motion for Approval of Form of Court-Supervised Notice, or, in the Alternative, for Leave to File Motion for Class Certification Under Rule 23 ("Motion to Approve Notice"), filed December 2, 2013 [Doc. 62].   The Court, having considered the motions, briefs, and relevant law, and being otherwise fully informed, finds that the Motion to Reconsider is not well taken and will be denied and that the Motion to Approve Notice is well taken in part and will be granted in part.

**DISCUSSION**

I.      Motion to Reconsider.

      Defendant asks the Court to reconsider its September 24, 2013, decision [Doc. 55] granting in part Plaintiffs' Second Motion and Memorandum in Support for Certification of the Collective

Action and Court-Facilitated Notice to Similarly-Situated Employees ("Second Motion for Certification"), on the ground that the claims of the putative class members are barred by the statute of limitations and that notice to these class members therefore would be futile.   The facts relevant to the Motion to Reconsider are set forth in the Court's September 24, 2013, Memorandum Opinion and Order, and the Court incorporates those facts herein by reference.

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration.  *See In re Thornburg Mortgage, Inc. Secs. Litig.*, No. 07-85, 2011 WL 2429189, *19 (D.N.M. June 2, 2011), *aff'd sub nom. Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190 (10th Cir. 2013).  When a party seeks to obtain reconsideration of a non-final order, the motion is considered "an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991).  Although a district court has "considerable discretion" to revisit its prior decisions, *see Thornburg Mortgage*, 2011 WL 2429189 at *19, "as a rule [a court] should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (citation omitted).   A motion for reconsideration is an "inappropriate vehicle [] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Fye v. Okla.*, 516 F.3d 1217, 1224 (10th Cir. 2011) (holding that the district court did not abuse its discretion in denying a motion for reconsideration on basis that "considerations of fairness and judicial economy outweigh[ed] the Plaintiffs' interest in getting a second (or third) bite at the summary judgment apple"); *Otero v. Nat'l Distrib. Co.*, 627 F. Supp. 2d 1232, 1237

2

(D.N.M. 2009) (explaining that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple"). Rather, "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Paraclete*, 204 F.3d at 1012.

Defendant contends that an intervening change in the controlling law has occurred and that this change is a sufficient ground to merit the Court's reconsideration of its decision to grant (in part) the Second Motion for Certification. According to Defendant, the change in controlling law is the expiration of the statute of limitations on the claims certified by the Court.

Section 255(a) of the Fair Labor Standards Act ("FLSA") provides in relevant part that actions must "be commenced within two years after the cause of action accrued," and that "every such action shall be forever barred unless commenced within two years after the cause of action accrued," except that "a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). In order to be joined as a plaintiff in an FLSA case, an individual must file his or her consent to opt-in to a class action within the applicable statute of limitations. *See, e.g.*, *Moreno v. U.S.*, 82 Fed. Cl. 387, 395 (Fed. Ct. Cl. 2008); *Cruthis v. Vision's*, No. 12-CV-244 GKB, 2013 WL 4028523, *5 (E.D. Ark. Aug. 7, 2013) ("[i]n the case of a collective action, the action is commenced upon the filing of a written consent to join") (citing 29 U.S.C. § 256(b)). Thus, the filing of a complaint does not stop the statute of limitations from running in a collective action; rather, it is only the filing of a consent to opt-in that stops the limitations period from expiring. *See Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1180-81 (D. Colo. 2012) (explaining that "the FLSA has an 'opt-in' mechanism which presumes a lapse of time between the date a collective action is commenced and

3

the date that each opt-in plaintiff files his or her consent form").

Defendants argue that the Court should reconsider its order certifying a class because the claims of all of the potential opt-in class members fall outside the longest statute of limitations available under the FLSA and that notice to these class members therefore would be futile. Plaintiffs do not dispute that the putative class members' claims fall outside the FLSA's three-year statute of limitations.  Rather, Plaintiffs contend that certification is proper because the Court should toll the statute of limitations on their FLSA claims.   Plaintiffs also argue that, even if their FLSA claims are barred by the statute of limitations, the Court's September 24, 2013, Memorandum Opinion and Order granting certification is proper because Plaintiffs have asserted claims under the New Mexico Wage Act that are not time barred.

> A.   <u>The Court Denies Defendant's Motion to Reconsider the Court's September 24, 2013, Memorandum Opinion and Order Because Defendant has not Asserted a Ground that Warrants Reconsideration.</u>

The Court first considers whether Defendant has asserted a proper ground that warrants reconsideration of the Court's September 24, 2013, Memorandum Opinion and Order.   The Tenth Circuit has held that a proper ground for reconsideration is an intervening change in controlling law.  *See Paraclete*, 204 F.3d at 1012.   Defendant argues that the expiration of the statute of limitations on the claims certified by the Court constitutes an intervening change in the controlling law.   The Court does not agree.

Defendant has pointed to no amendment of the FLSA or change in Tenth Circuit or Supreme Court authority interpreting the FLSA since the Court issued its September 24, 2013, Memorandum Opinion and Order.   That more than three years have elapsed since the acts giving rise to this litigation occurred is simply a change in the facts of this case, which potentially impacts the law as it is applied to the facts, but which has no relevance to whether the governing law itself

has changed.  Thus, the Court concludes that Defendant has failed to identify a ground that

warrants reconsideration of the Court's order certifying a class and therefore denies the Motion to

Reconsider on this ground.

      B.    <u>The Court Also Denies the Motion to Reconsider on the Merits Because Defendant has not Established that the Statute of Limitations Bars the Claims</u>.

Even if the Court were to reconsider its decision to allow notice to issue to the putative

class members, the Court would not deny the Second Motion for Certification on the ground that

the putative claims are futile because they are barred by the FLSA's three-year statute of

limitations.  Rather, the Court concludes that the putative claims are not futile because the

doctrine of equitable tolling is available to Plaintiffs, and the Court therefore denies Defendant's

Motion to Reconsider on this ground as well.

      1.    <u>Law Governing Equitable Tolling</u>.

Equitable tolling permits courts to extend statutes of limitations on a case-by-case basis to

prevent inequity.  *See Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998); *Santos ex rel.*

*Beato v. U.S.*, 559 F.3d 189, 197 (3d Cir. 2009).   The majority of courts have held that equitable

tolling is an available remedy under the FLSA, provided that the circumstances warrant

application of the doctrine.  *See, e.g.*, *Moreno*, 82 Fed. Cl. at 402.

Federal courts "have typically extended equitable relief only sparingly."  *Irwin v. Dept. of*

*Veterans Affairs*, 498 U.S. 89, 96 (1990).   The Tenth Circuit has held that equitable tolling of time

limitations is appropriate where the circumstances of the case "rise to the level of active

deception," *Cottrell v. Newspaper Agency Corp.*, 590 F.2d 836, 838-39 (10th Cir. 1979); *accord*

*Gray v. Phillips Petroleum Co*., 858 F.2d 610, 615 (10th Cir. 1988), "where a plaintiff has been

'lulled into inaction by her past employer, state or federal agencies, or the courts,'" *Martinez v.*

*Orr*, 738 F.2d 1107, 1110 (10th Cir. 1984) (quoting *Carlile v. S. Routt Sch. Dist. RE 3-J*, 652 F.2d

981, 986 (10th Cir. 1981)) (additional citations omitted); *accord Gray*, 858 F.2d at 615, or where

"a plaintiff . . . 'has in some extraordinary way been prevented from asserting his or her rights,'"

*Martinez*, 738 F.3d at 1110 (quoting *Wilkerson v. Siegfried Ins. Agency, Inc.*, 683 F.2d 344, 348

(10th Cir. 1982)); *Gray*, 858 F.2d at 615.   As a general rule, courts are "much less forgiving in

receiving late filings where the claimant failed to exercise due diligence in preserving his [or her]

legal rights."  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (citation omitted).   The

decision to invoke equitable tolling in a particular case lies exclusively within the sound discretion

of the trial court.   *See Stransky*, 868 F. Supp. 2d at 1181 (citing *Truitt*, 148 F.3d at 648).

Plaintiffs do not argue that Defendant engaged in active deception or that Plaintiffs were

lulled into inaction.   Rather, Plaintiffs contend that the certification process itself constitutes an

"extraordinary" circumstance that justifies the application of the doctrine of equitable tolling.   *Cf.*

*Martinez*, 738 F.2d at 1110; *Gray*, 858 F.2d at 615.   A review of the decisions answering the

question whether litigation delay during the certification process constitutes an "extraordinary"

circumstance that justifies equitable tolling suggests that courts generally reach one of four

conclusions:   (1) courts hold that equitable tolling is not available for litigation delays caused by

the certification process; (2) courts decide that equitable tolling pending certification is not

applicable to an entire class of putative plaintiffs but invite any individual plaintiff to come

forward with specific proof establishing that the statute of limitations should be tolled for that

plaintiff; (3) courts determine that notice may be sent to putative class members as if the court had

tolled the statute of limitations during its decision process but reserve ultimate ruling on the

question for any individual plaintiff for a later date; or (4) courts conclude that equitable tolling

during the certification process may apply to all putative class members.

Those courts holding that equitable tolling is not available during the certification process generally have reasoned that this type of litigation delay is not extraordinary and therefore does not justify equitable tolling. *See Garrison v. Conagra Foods Packaged Food, LLC*, No. 12-CV-00737-SWW, 2013 WL 1247649, at *5 (W.D. Ark. Mar. 27, 2013); *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1244 (S.D. Ala. 2008).   For example, in *Garrison v. Conagra Foods Packaged Food, LLC*, the statute of limitations ran while parties waited for the court's decision on the plaintiffs' motion for certification, and the Western District of Arkansas denied the plaintiffs' request to toll the statute of limitations.   2013 WL 1247659, at *5.   The *Garrison* court explained that "there is nothing extraordinary about a motion for conditional certification and the delay in notice while that motion is pending," and stated that "'to hold otherwise would be to opine that equitable tolling should be granted in every § 216(b) case as a matter of course during the pendency of a conditional class certification request, thereby transforming this extraordinary remedy into a routine, automatic one.'"   *Id.* (quoting *Longcrier*, 595 F. Supp. 2d at 1244).

Those courts refusing automatically to apply the doctrine of equitable tolling to an entire putative class but inviting individual plaintiffs to come forward with particularized proof adopt a similar reasoning.   The courts reason that a delay pending a decision on certification is not "extraordinary" but recognize that in any particular opt-in plaintiff's case extraordinary circumstances may justify application of the doctrine. *See Titchenell v. Apria Healthcare Inc.*, No. 11-CV-563, 2012 WL 3731341, *7 (E.D. Pa. Aug. 29, 2012); *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-CV-00363, 2012 WL 4739534, *6 n.2 & 7 (E.D. Va. Oct. 02, 2012); *Young v. Dollar Tree Stores*, No. 11-CV-1840-REB-MJW, 2013 WL 1223613, at *1 (D. Colo. Mar. 25, 2013).   For example, in *Titchenell v. Apria Healthcare Inc.*, the Eastern District of Pennsylvania rejected the plaintiff's request to equitably toll the statute of limitations during the period in which

the court was deciding the plaintiff's motion for certification, explaining that the doctrine may be invoked only on a showing of "truly extraordinary" circumstances.  *See* 2012 WL 3731341, \*7. The *Titchenell* court distinguished cases in which courts have applied the tolling doctrine while they were considering motions for certification, explaining that courts have done so only when additional circumstances also were present, such as "when, for example, a case is stayed pending a decision by the Judicial Panel on Multidistrict Litigation, *see Adams v. Tyson Foods, Inc.*, No. 07-CV-4019, 2007 WL 1539325, at \*1-2 (W.D. Ark. May 25, 2007), or pending court-ordered mandatory settlement conferences, *see Helton v. Factor 5, Inc.*, No. C-10-04927 SBA, 2011 WL 5925078, at \*2 (N.D. Cal. Nov.28, 2011)."  *Id.* at \*7.   The *Titchenell* court concluded that "in the average case in which the delay is attributable to the normal litigation process, courts have held that equitable tolling is not appropriate."  *Id.* (citations omitted).   Although the *Titchenell* court denied the plaintiff's request for equitable tolling, the court held that this denial was "without prejudice to the right of an individual plaintiff to seek equitable tolling at a later stage of the case." *Id.* at \*8.

Likewise, in *LaFleur v. Dollar Tree Stores*, *Inc*., the Eastern District of Virginia held that delay due to the court's consideration of a motion for certification was not an "extraordinary circumstance" sufficient to toll the limitations period but held that opt-in plaintiffs could come forward at a later date to show that equitable tolling applies to their individual circumstances.  *See* 2012 WL 4739534, at \*6 n.2 & 7.   The court distinguished cases tolling the statute of limitations for litigation-related delays on the ground that those delays were caused by arbitration or mediation delays or by a defendant's request to stay a case and not simply by a court's decision-making during the certification process.  *See id.* at \*5-6 (citations omitted).   The *LaFleur* court also distinguished one case applying the doctrine of equitable tolling based only

8

upon the court's decision-making delay on the ground that the court failed to rule on the motion for almost one and one-half years and on the ground that the court's delay caused the claims of two specific—not theoretical—plaintiffs to become time-barred.   *See id.* at *6 (citing *Owens v. Bethlehem Mines Corp.*, 630 F. Supp. 309 (S.D.W. Va. 1986)).

Similarly, in *Young v. Dollar Tree Stores*, the District of Colorado rejected the plaintiffs' argument that the court should toll the statute of limitations during the ten-month period that the plaintiffs awaited a decision on their motion for certification.   *See* 2013 WL 1223613, at *1.   The *Young* defendant maintained that "potential opt-in plaintiffs have [the option to] file an individual FLSA suit on their own behalf or . . . opt-in to this collective action when they become aware of [it]," and that "a reasonably diligent opt-in plaintiff can assert his or her FLSA rights and prevent the expiration of [his or her] claims under the statute of limitations in either of these two ways." *Id.* at *1.   The *Young* court rejected the "underlying premise of the plaintiffs' position," which was "that potential opt-in plaintiffs could not know about the facts that are the basis of their possible FLSA claim until they receive[d] notice of a collective action."   *Id.* at *2.   The Court held that the "potential opt-in plaintiffs are presumed to be aware of the facts and circumstances of their employment with [the defendant]," that "it is those facts and circumstances that form the basis of each plaintiff's FLSA claim," and that "[g]enerally, their claims accrue when they gain knowledge of these facts."   *Id.*   The court invited any individual potential opt-in plaintiff to demonstrate circumstances that justify equitable tolling, but explained that "[t]here is no basis . . . to assume, *a fortiori* without any evidence, that all . . . potential opt-in plaintiffs . . . somehow have been prevented from filing a timely FLSA claim based on their employment."   *Id.* at *3.

Those courts allowing notice to be sent to putative class members as if the tolling doctrine applies during the decision-making process but reserving judgment on the ultimate question of

tolling until a later date implicitly reject the proposition that a court's delay while evaluating a motion for certification constitutes an extraordinary circumstance that justifies the application of the tolling doctrine class-wide but acknowledge that tolling is a common issue in class claims and provide notice to putative class members to preserve their right to assert individual circumstances that justify tolling.  *See, e.g.*, *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011); *Cruthis v. Vision's*, No. 12-CV-244 GKB, 2013 WL 4028523 (E.D. Ark. Aug. 7, 2013); *Roco v. Star One Staffing Int'l, Inc.,* No. 4:10CV00030-DPM (E.D. Ark. Nov. 15, 2010), *cited in Cruthis*, 2013 WL 4028523, at *6.  These courts cast a wide net to avoid excluding putative class members whose claims seemingly fall outside of the statute of limitations but who might have viable claims under the doctrine of equitable tolling.

For example, in *Whitehorn v. Wolfgang's Steakhouse*, the Southern District of New York held that "it was appropriate for notice to be sent to the larger class of prospective members, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date."  *Id.* at 457.  The court reasoned that because the plaintiffs alleged that equitable tolling may extend the statute of limitations for certain prospective plaintiffs, it was appropriate to provide notice to those class members.  *See id.*

Courts in the Eastern District of Arkansas have employed similar reasoning.  *See, e.g.*, *Cruthis v. Vision's*, No. 12-CV-244 GKB, 2013 WL 4028523 (E.D. Ark. Aug. 7, 2013) (citing *Roco*, No. 4:10-CV-00030-DPM (E.D. Ark. Nov. 15, 2010)).  For example, although Defendant relies on *Cruthis v. Vision's* in support of its position that equitable tolling is inapplicable, the *Cruthis* court actually ruled in favor of the plaintiffs and tolled the statute of limitations for potential class members from the date the plaintiffs' filed their motion for certification through the date the court granted the motion.  *See* 2013 WL 4028523, at *7.  The *Cruthis* court reasoned that

"[a]t this stage in the litigation, judicial economy is served by conditionally certifying a larger, more inclusive class," *id.* at *5 (citing *Resendiz-Ramirez*, 515 F. Supp. 2d 937; *Kautsch*, 504 F. Supp. 2d 685; *Burch v. Qwest Communications Int'l, Inc.*, 500 F. Supp. 2d 1181 (D. Minn. 2007)), and cited cases from the Southern District of New York holding that, because "'equitable tolling issues often arise for prospective plaintiffs,'" notice should be sent to a wider group of potential class members with the understanding that the courts will resolve individualized tolling issues at a later stage of the litigation. *Id.* at *6 (quoting *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 410 (S.D.N.Y. 2012) and citing *Whitehorn*, 767 F. Supp. 2d 445).

Those courts holding that a delay pending determination of a motion for certification is sufficient to toll the statute of limitations generally reason that the delay is "extraordinary" and that tolling is equitable because the time lapse was not caused by the plaintiffs. *See, e.g.*, *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1181 (D. Colo. 2012); *Owens v. Bethlehem Mines Corp.*, 630 F. Supp. 309 (S.D.W. Va. 1986); *In re Bank of Am. Wage & Hr. Employment Litig.*, No. 10-MDL-2138, 2010 WL 4180530 (D. Kan. Oct. 20, 2010). For example, in *Stransky v. HealthONE of Denver, Inc.*, the District of Colorado held that the "unique circumstances of a collective action '[are] not only significant but justif[y] tolling the limitations period . . . until the court authorizes the provision of notice to putative class members or issues an order denying the provision of notice.'" 868 F. Supp. 2d at 1181 (quoting *Bank of Am.*, 2010 WL 4180530). The *Stransky* court explained that the "Defendant [wa]s in sole possession of the names and last known physical addresses of all potential Opt-in Plaintiffs," and reasoned that "allowing Opt-in Plaintiffs' claims to diminish or expire due to circumstances beyond their direct control would be particularly unjust." *Id.* at 1181-82. In reaching its decision, the *Stransky* court also noted that the defendant "failed to claim it would be prejudiced in any manner, let alone unduly, were th[e] Court to toll the

applicable limitations period."   *Id.* at 1182 (citation omitted).

Likewise, in *Owens v. Bethlehem Mines Corporation*, the Southern District of West Virginia equitably tolled the limitations where the court took almost one and one-half years to rule on a motion for collective certification.   *See* 630 F. Supp. at 312 (citing *Partlow*, 645 F.2d 757). The *Owens* court indicated that it had "no quarrel" with the methodology employed by a court refusing to toll the statute of limitations, but distinguished this methodology because the "approach[] assume[s] a timely ruling on the class certification question."   *Id.* at 312 (citing *Groshek v. Babcock & Wilcox Tubular Prods. Div.*, 425 F. Supp. 232 (E.D. Wis. 1977)).   The *Owens* court held, however, that because it took one and one-half years to rule on the plaintiffs' motion to certify, the court would follow the reasoning of the Ninth Circuit in *Partlow v. Jewish Orphans Home of Southern California, Inc.*, 645 F.2d 757 (9th Cir. 1981), and grant the plaintiffs' request to toll the limitations period.   The *Owens* court explicitly recognized that "the facts [of *Partlow*] are distinct from those of this case," but explained that "the *Partlow* decision supports the decision that the statute of limitations may be modified when it is equitable to do so."   *Id.* at 312-13.   In deciding to toll the statute of limitations pending the court's decision on certification, the court explained that the two potential opt-in plaintiffs would have opted into the litigation if they had been given notice within the limitations period, and that the defendant "should not be surprised or prejudiced by the inclusion of [these plaintiffs] in this action."   *Id.* at 313.[1]

---

[1]   A decision in the District of Nevada similarly supports the conclusion that a court's "undue delay" in deciding whether to certify a class might constitute an extraordinary circumstance that justifies tolling.   Although Defendant cites *Lewis v. Nevada Prop. 1, LLC*, No. 12-CV-01564-MMD-GWF, 2013 WL 237098, at *14-15 (D. Nev. Jan. 22, 2013), in support of its position that the Court should not toll the limitations period, the *Lewis* court actually recognized that "[t]he district judges and magistrate judges in th[e District of Nevada] have generally not granted motions to toll the running of the statute of limitations where the defendant has filed a non-frivolous opposition to the motion for conditional certification of the FLSA class *and there*

Similarly, in *McGlone v. Contract Callers, Inc.*, the Southern District of New York held that "'the delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an extraordinary circumstance justifying application of the equitable tolling doctrine.'"   867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (quoting *Yahraes v. Restaurant Associates Events Corp.*, 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011) (collecting cases)).   In *McGlone*, the motion to certify was "heard and marked fully submitted on December 15, 2011," and the court issued its decision on April 9, 2012, approximately four months thereafter. *Id.* at 440.   The *McGlone* court tolled the statute of limitations from the date the plaintiffs filed their motion for certification, explaining that "those whose putative class representatives and their counsel are diligently and timely pursuing the claims should also not be penalized due to the courts' heavy dockets and understandable delays in rulings." *Id.* at 445.

In *Lucas v. Bell Trans*, the District of Nevada also tolled the statute of limitations pending determination of a motion for certification.   *See* No. 2:08-CV-01792-RCJ-RJJ, 2010 WL 3895924, *5 (D. Nev. Sept. 30, 2010).   The *Lucas* plaintiffs argued that, "where there is a delay in the ruling on a motion for circulation of notice, . . . equitable tolling should be used to preserve the rights of potential 'opt-ins.'" *Id.* at *1.   The court agreed and held that "[b]ecause the delay on th[e] Motion [for certification] was not caused by the parties, and because Rule 23 class status ha[d] already been granted for Plaintiffs' state law claims, . . . the statute of limitations sh[ould] be tolled for the time that passed during the pendency of this litigation." *Id.* at *5 (citing *Lee v. ABC*

---

*has been no undue delay by the court in deciding the motion*." *Id.* (emphasis added) (citing *Lucas v. Bell Trans*, 210 WL 3895925, at *5) (additional citation omitted).   The *Lewis* court thus recognized that a court's "undue delay" in deciding the question of certification could constitute an extraordinary circumstance that warrants application of the tolling doctrine.

*Carpet & Home*, 236 F.R.D. 193, 199-200 (S.D.N.Y. 2006)).

The District of Kansas, in *In re Bank of America Wage & Hour Employment Litigation*, also has held that the circumstances of a collective action—at least on the facts of that case—were extraordinary and therefore sufficient to justify equitable tolling of a limitations period until the court authorized the provision of notice to putative class members.  *See* 2010 WL 4180530 at \*5. In so holding, the Court noted that the putative class members believed they were under an order tolling the statute of limitations and that the defendant had not demonstrated any prejudice that would result from tolling.  *See id.* at \*6-7.  The *Bank of America* court cautioned that its holding "does not mean that equitable tolling is appropriate through the notice phase in every FLSA putative collective action or even every one that becomes an [multi-district litigation]," but indicated that "it does mean that under the circumstances of this case it is appropriate."  *Id.* at \*5; *see also Adams v. Tyson Foods, Inc.*, No. 07-CV-4019, 2007 WL 1539325, at \*1-2 (W.D. Ark. May 25, 2007) (holding that delays pending a decision on certification in a multi-district litigation case were sufficient to merit tolling the statute of limitations); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715-SC, 2007 WL 707475 at \*8 (N.D. Cal. Mar. 6, 2007) (tolling the statute of limitations pending a decision on certification where there the certification decision was delayed due to arbitration and mediation settlement talks).

2.      Equitable Tolling is Available to the Putative Class Members.

Defendant urges the Court to adopt the reasoning of those cases refusing to apply the tolling doctrine during the certification process.  Defendant contends that once the Court rejects the doctrine, the Court should reconsider its decision to allow notice to issue because the claims of the putative class members will be barred by the FLSA's three-year statute of limitations and notice to these class members would be futile.  In support of its position, Defendant claims that

14

Plaintiffs were aware as early as October 26, 2012, that Defendant was arguing that Plaintiffs' claims were barred by the FLSA's two-year statute of limitations, and that despite this knowledge Plaintiffs failed to timely assert tolling before the expiration of the three-year limitations period. Defendant also argues that the Court should decline to apply the tolling doctrine because Plaintiffs do not point to any extraordinary circumstances that justify its application.

Plaintiffs, in contrast, urge the Court to adopt the reasoning of those cases holding that the certification process itself is an extraordinary circumstance that justifies tolling the statute of limitations on a class-wide basis during the pendency of the certification process.   Plaintiffs argue that, as in *Owens*, the delay here was not attributable to Plaintiffs and that they have been diligent in trying to get court-supervised notice to potential class members.

      a.    <u>Plaintiffs Diligently Pursued their Legal Rights to Assert Equitable Tolling from the Date of their Second—but not First—Motion for Certification</u>.

The Court rejects Plaintiffs' argument that it should toll the statute of limitations from the date Plaintiffs filed their initial motion for certification because the Court concludes that Plaintiffs failed to exercise due diligence in preserving their right to toll the statute of limitations from this date.   In its response to Plaintiffs' Second Motion for Certification, Defendant argued that the claims of certain opt-in members were barred by the FLSA's two-year statute of limitations and that those claims must fall within the statute's three-year limitations period for willful violations. Plaintiffs, in reply, did not argue that the Court should toll the two-year statute of limitations from the date Plaintiffs filed their First Motion for Certification.   In fact, Plaintiffs did not address the statute of limitations at all, perhaps because they intended only to assert claims of willful FLSA violations that would fall within the Act's three-year limitations period.   Regardless of motivation, however, it is clear that Plaintiffs chose not to pursue diligently an equitable tolling

defense to preserve their claims for non-willful violations of the FLSA.   Consequently, Plaintiffs cannot now argue that the Court should toll the statute of limitations from the date they filed their First Motion for Certification.   *Cf. Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (explaining that courts generally are "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights") (citation omitted).

The Court holds, however, that Plaintiffs have diligently preserved their right to assert equitable tolling of their claims for willful violations from the date they filed their Second Motion for Certification.   Defendant argues that the Court should decline to apply the tolling doctrine at all because Plaintiffs were aware of the statute of limitations defense as early as October 26, 2012, when Defendant argued that Plaintiffs' claims for non-willful violations were barred by the statute's two-year limitations period, and yet Plaintiffs failed to assert tolling before the expiration of the three-year limitations period on the potential class members' claims.   The Court concludes, however, that just as Plaintiffs failed to raise the defense of equitable tolling with respect to the three-year limitations period in the Fall of 2012, so too did Defendant fail to assert any defense that the three-year statute of limitations barred Plaintiffs' claims until after the Court issued its September 24, 2013, Memorandum Opinion and Order.

Defendant's decision to delay challenging Plaintiffs' claims for willful violations by the procedural mechanism of a motion to reconsider—under the claim that the expiration of the statute of limitations constitutes a change in controlling law—resembles strategic maneuvering more than good faith assertion of a defense.   Defendant surely anticipated that, if the certification process extended beyond July 2013, it would argue that the putative claims for willful violations were time barred.   It therefore could have raised a defense based upon the three-year statute of limitations at any time prior to the Court's September 24, 2013, Memorandum Opinion and Order.

Defendant, of course, was free to make the strategic decision to challenge the three-year statute of limitations for willful FLSA violations after it expired in July 2013 and after the Court issued its September 24, 2013, Memorandum Opinion and Order.   Defendant, however, cannot now convincingly assert that it was only Plaintiffs who failed to diligently preserve their legal rights, because Plaintiffs did not argue tolling in the Fall of 2012, when Defendant also failed to address the issue of the statute of limitations directly, or, at a minimum, after its statute of limitations defense became ripe.   Given that no party raised the issue of the three-year statute of limitations until after the Court issued its September 24, 2013, Memorandum Opinion and Order, the Court declines to preclude Plaintiffs from asserting a tolling defense on the ground that they failed to act diligently.   Instead, the Court concludes that Plaintiffs, on balance, diligently pursued their defense of tolling as soon as they became aware that Defendant intended to argue the putative class members' claims for willful FLSA violations were barred by the three-year statute of limitations.

> **b.** The Court's Delay Constitutes an "Extraordinary" Circumstance that Warrants Application of the Equitable Tolling Doctrine.

The Court next addresses whether the lapse of one year during the Court's review of Plaintiffs' Second Motion for Certification—on the facts here—constitutes an "extraordinary" circumstance that justifies application of the equitable tolling doctrine.   The Tenth Circuit has not answered the question whether tolling is appropriate during the period in which a court considers a motion to certify a class.   At least three district courts in the Tenth Circuit, however, have addressed the issue and two have tolled the statute of limitations on a class-wide basis during the certification process.   As discussed, the District of Colorado, in *Stransky v. HealthONE of Denver, Inc.*, deemed "significant" the "unique circumstances of a collective action," and therefore

held that the statute should be tolled during the certification process.   868 F. Supp. 2d at 1181

(quoting *Bank of Am.*, 2010 WL 4180530); *id.* at 1182.   Likewise, the District of Kansas, in *In re*

*Bank of America Wage & Hour Employment Litigation*, held that, on the facts of that case, the

circumstances of the collective action were "extraordinary" and justified tolling the limitations

period until the court authorized the provision of notice to putative class members.[2]   *See* 2010 WL

4180530 at *5.   In contrast, one court in the Tenth Circuit, the District of Colorado in *Young v.*

*Dollar Tree Stores*, denied tolling during the court's tenth-month deliberation on a motion for

certification.   *See* No. 11-CV-1840-REB-MJW, 2013 WL 1223613, at *1 (D. Colo. Mar. 25,

2013).   The *Young* court explained that the potential opt-in plaintiffs' claims accrued—and the

statute of limitations began to run—when they became aware of the facts and circumstances of

their employment and not when they received notice of the collective action.   *See id.* at *1-2.

Thus, the court held that the delay during the certification process was not extraordinary because

certification was not relevant to the accrual of the claims or running of the statute of limitations.

*See id.*

  The Court is not persuaded by the reasoning of *Stransky* and other cases holding that a

court automatically should toll the limitations period during its decision-making process on a

motion for certification,[3] because this approach renders the application of the doctrine of equitable

---

[2]   Although *Bank of America* is distinguishable because it was a multi-district litigation case and
the putative class members erroneously believed they were under an order tolling the limitations
period, *see id.* at *5-6, the *Bank of America* court in dicta implicitly recognized that its decision
might be applied beyond the facts of the case.   *See id.* at 5.

[3]   *See, e.g.*, *Stransky*, 868 F. Supp. 2d at 1181 (explaining that the "unique circumstances of a
collective action" are "significant" in and of themselves, without mentioning that the delay must
be undue or sufficiently protracted to warrant application of the doctrine of equitable estoppel);
*Lucas v. Bell Trans*, No. 2:08-CV-01792-RCJ-RJJ, 2010 WL 3895924, *5 (D. Nev. Sept. 30,
2010) (holding that the court would toll the statute of limitations during the time that passed during

tolling routine in collective actions as opposed to extraordinary.  Such an application is not consistent with the Tenth Circuit's holding that equitable tolling is appropriate where "a plaintiff . . . 'has *in some extraordinary way* been prevented from asserting his or her rights.'"  *Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir. 1984) (quoting *Wilkerson v. Siegfried Ins. Agency, Inc.*, 683 F.2d 344, 348 (10th Cir. 1982) (emphasis added)); *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 615 (10th Cir.1988).  As the Western District of Arkansas explained, "there is nothing extraordinary about a motion for conditional certification and the delay in notice while that motion is pending," and "'to hold otherwise would be to opine that equitable tolling should be granted in every § 216(b) case as a matter of course during the pendency of a conditional class certification request, thereby transforming this extraordinary remedy into a routine, automatic one.'" *Garrison*, 2013 WL 1247659, at *5 (quoting *Longcrier*, 595 F. Supp. 2d at 1244).

The Court, however, likewise is not persuaded by the reasoning of *Young* and other cases holding that delay during the certification process is never extraordinary and alone cannot support the application of the doctrine of equitable tolling on a class-wide basis,[4] because this approach

---

the court's consideration of a motion for circulation of notice but failing to indicate that this delay was undue or otherwise extraordinary); *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (holding that "'the delay caused by the time required for a court to rule on a motion . . . for certification . . . may be deemed an extraordinary circumstance justifying application of the equitable tolling doctrine'" without holding that the delay was "extraordinary") (quoting *Yahraes*, 2011 WL 844963, at *2).

[4]  *See, e.g.*, *Young*, 2013 WL 1223613, at *3 (refusing to toll the statute of limitations during the certification process on a class-wide basis and explaining that "[t]here is no basis . . . to assume, *a fortiori* without any evidence, that all opt-in plaintiffs or potential opt-in plaintiffs in this case somehow have been prevented from filing a timely FLSA claim based on their employment with [the defendant]"); *Garrison v. Conagra Foods Packaged Food, LLC*, 2013 WL 1247659, at *5 (declining to apply the tolling doctrine because "there is nothing extraordinary about a motion for conditional certification and the delay in notice while that motion is pending"); *Longcrier*, 595 F. Supp. 2d at 1244 (holding that to deem the delay in ruling upon a motion for certification extraordinary "would be to opine that equitable tolling should be granted in every § 216(b) case as

also fails to account for delay that is undue or otherwise "extraordinary."   As the court in *Owens v. Bethlehem Mines Corp.*, 630 F. Supp. 309 (S.D.W. Va. 1986), concluded, its delay of one-and-one-half years in ruling on a motion for certification was extraordinary and therefore was sufficient to trigger the tolling doctrine.   *Id.* at 312.   To hold that decision-making delay can never constitute an extraordinary circumstance—even when the delay is undue and sufficiently protracted such as that in *Owens*—also runs counter to the Tenth Circuit's proclamation that tolling is appropriate under extraordinary circumstances.   *See Martinez*, 738 F.2d at 1110 (quoting *Wilkerson v. Siegfried Ins. Agency, Inc.*, 683 F.2d 344, 348 (10th Cir. 1982)); *Gray*, 858 F.2d at 615.

Rather, the Court is persuaded that decisions such as *Owens* or *Lewis*, which hold that *undue* delay arising from a court's deliberation on a motion for certification constitutes an extraordinary circumstance that merits tolling the statute of limitations, are most consistent with the Tenth Circuit's standard for applying the tolling doctrine.[5]   *See Owens*, 630 F. Supp. at 312-13 (tolling the statute of limitations during the certification process because its eighteen-month review was, in fact, extraordinary and not simply routine); *Lewis v. Nevada Prop. 1, LLC*, No. 12-CV-01564-MMD-GWF, 2013 WL 237098, at *14-15 (D. Nev. Jan. 22, 2013) (explaining that

---

a matter of course during the pendency of a conditional class certification request, thereby transforming this extraordinary remedy into a routine, automatic one").

[5]   Defendant contends that *Owens* is distinguishable and therefore not applicable to the facts of this case, because the *Owens* court indicated it was following the Ninth Circuit's reasoning in *Partlow v. Jewish Orphans Home of Southern California, Inc.*, 645 F.2d 757 (9th Cir. 1981), and the *Partlow* court decided to toll the statute of limitations based not on the court's delay but rather because the putative plaintiffs believed they had filed their consents within the statute of limitations but the consents were invalid due to no fault of the opt-in plaintiffs.   While *Partlow* is distinguishable, *Owens* is not.   The delay in *Owens* was attributable solely to the court's delayed decision on the motion for certification, and the *Owens* court specifically recognized that its facts were not similar to those in *Partlow*.   *See* 645 F.2d 757 (9th Cir. 1981).   Thus, the Court is not persuaded by Defendant's argument that *Owens* is inapplicable.

tolling class-wide is not appropriate "where the defendant has filed a non-frivolous opposition to the motion for conditional certification of the FLSA class *and there has been no undue delay by the court in deciding the motion*") (emphasis added).   The relevant inquiry thus becomes whether the facts demonstrate that the delay during the Court's review of Plaintiffs' Second Motion for Certification was undue or otherwise "extraordinary."

The Court deems the delay sufficiently protracted to constitute an extraordinary circumstance that merits application of the doctrine of equitable tolling.  Plaintiffs filed their Second Motion for Certification on September 4, 2012, and on September 24, 2013, just over one year later, the Court granted the motion.   While the District of Colorado in *Young* did not view a ten-month delay extraordinary, the Court concludes that, on the facts here, the one-year delay was, like the eighteen-month delay in *Owens*, extraordinary.   Moreover, in addition to this one year delay, Plaintiffs also had to wait an extra eight months for the Court to decide Defendant's motion to dismiss, which, when combined with the one-year delay, resulted in a total delay of twenty months.   Although the Court did not stay the case while it decided the motion to dismiss, the Court "would not have expected plaintiffs to expend time and valuable resources working to notify putative class members of this [lawsuit] in the face of a motion to dismiss all counts of the . . . complaint."  *Bank of Am.*, 2010 WL 4180530, at *6.[6]   The Court concludes that Plaintiffs' loss of twenty of the 36-months available under the statute of limitations constitutes an "extraordinary"

---

[6]   Plaintiffs do not request tolling of the statute of limitations during the period in which the Court decided the motion to dismiss, despite the fact that courts have applied the tolling doctrine during this time.  *See, e.g.*, *Bank of Am.*, 2010 WL 4180530, at *6 (holding that "it is appropriate to toll the statute of limitations . . . during the pendency of the [defendant's] substantive motion to dismiss"); *Stickle v. SCI W. Market Support Ctr., L.P.*, 2008 WL 4446539, at *22 (D. Ariz. Sept. 30, 2008) (tolling the statute of limitations from the date defendants filed their motions to dismiss through the date plaintiffs re-filed their motion for certification).

circumstance that supports tolling the statute of limitations.

Tolling is particularly appropriate here because Plaintiffs have demonstrated that they have promptly and actively pursued their collective claims and that the twenty-month delay was beyond their control.   A timeline of this litigation demonstrates that on balance Plaintiffs have diligently pursued their collective claims on matters within their control.   Plaintiffs promptly filed their lawsuit on September 20, 2010, less than three months after their claims accrued.   Just over one month later, Defendant filed a motion to dismiss and, although it would have been reasonable for Plaintiffs to delay the pursuit of their class claims until the Court reached a decision on the motion to dismiss, Plaintiffs filed their First Motion for Certification on June 7, 2011, while the motion to dismiss was still pending.   On August 12, 2011, two weeks after the Court dismissed the complaint and granted leave to amend, Plaintiffs promptly amended their complaint.   Admittedly, Plaintiffs waited until September 4, 2012, to file their Second Motion for Certification.   Although Plaintiffs have not provided an explanation for this delay, the Court nonetheless concludes that, on balance, Plaintiffs diligently have pursued their collective claims, and that they should not be penalized where the limitations period was drastically reduced—by well over 50 percent—as a result of the Court's deliberations and through no fault of their own.

The Court further notes that Defendant has not argued, and the facts do not demonstrate, that Defendant would prejudiced or surprised by the addition of opt-in plaintiffs to this litigation. *Cf. Gray*, 858 F.2d at 616 (tolling statute of limitations where the defendant was "fully apprised" of the plaintiffs' claims and did not show that any "significant prejudice" would result from allowing plaintiffs to proceed); *Owens*, 630 F. Supp. at 313.   "'Statutes of limitations are designed to ensure fairness to defendants and to notify them of claims that they must defend before the claims grow stale.'"   *Id.* (quoting *Partlow*, 645 F.2d at 761).   These concerns are not at issue

22

here.   Defendant was aware of the claims when Plaintiffs filed their lawsuit, which was within three months of the alleged acts that form the basis of this lawsuit, and Defendant also was aware, by virtue of the complaint's class allegations, that opt-in plaintiffs might join the suit.

For the foregoing reasons, the Court concludes that a delay of one year, in conjunction with the delay of eight months, is undue and extraordinary, particularly in light of Plaintiffs' diligent pursuit of their collective claims and the lack of any prejudice to Defendant.   Accordingly, the Court holds that the doctrine of equitable tolling is available to Plaintiffs to toll the claims of the putative class members from September 4, 2012, the date Plaintiffs filed their Second Motion for Certification, through the date notice issues to the putative class members.   Because equitable tolling is available, Defendant cannot prevail on its argument that the statute of limitations bars the putative class members' claims.   Thus, the Court denies Defendant's Motion to Reconsider not only because Defendant failed to identify a ground that warrants reconsideration, but also because the sole ground on which Defendant moves this Court to reconsider its decision to certify an FLSA class does not have merit.

C.      Plaintiffs' New Mexico Wage Act Claims are not Relevant.

The Court already has denied the Motion to Reconsider because Defendant failed to identify any ground that warrants reconsideration and because it failed to establish that the putative claims are barred by the statute of limitations and therefore are futile.   Accordingly, the Court need not consider Plaintiffs' additional argument that the Motion to Reconsider lacks merit because the complaint alleges claims under the New Mexico Wage Act that are subject to a longer statute of limitations.   Although the Court need not address the argument, the Court nonetheless explains why it does not find the argument compelling.

First, the Court's Memorandum Opinion and Order granting Plaintiffs' Motion for

23

Certification did not certify Plaintiffs' New Mexico Wage Act claims, but rather only their FLSA claims.  [Doc. 55 at 19 (granting Plaintiffs' request to conditionally certify their suit as a collective action under 29 U.S.C. Section 216(b)); *id.* at 18 n.5 (explaining that although Plaintiffs bring claims under the New Mexico Wage Act as well as FLSA claims, Plaintiffs "have not established that their Section 50-4-2(B) claim is subject to collective treatment under Section 50-4-26(B)(2) of the . . . Wage Act")].  Thus, even if the Court were to assume that Plaintiffs' (uncertified) Wage Act claims are subject to a longer statute of limitations, this assumption would not impact the question whether their (certified) FLSA claims are viable.

Second, Plaintiffs have not satisfied their burden of demonstrating that their New Mexico Wage Act claims meet the federal standard for class certification.  A plaintiff seeking class treatment of claims brought under the New Mexico Wage Act in federal court must satisfy the requirements of Federal Rule of Civil Procedure 23 and not the requirements of Section 50-4-26(B).[7]  Plaintiffs, however, did not move for certification under Rule 23 or demonstrate that they had satisfied any of the requirements of Rule 23.   Instead, Plaintiffs sought certification only under the ad hoc standard for certifications of collective actions applicable to FLSA claims and New Mexico Wage Act claims brought in state—but not federal—court.  *See Armijo v. Wal-Mart Stores, Inc.*, 168 P.3d 129, 144-45 (N.M. Ct. App. 2007) (holding that the two-step ad

---

[7]   Federal Rule of Civil Procedure 23—and not the state Wage Act's collective action provision contained in Section 50-4-26(D)—determines whether Plaintiffs' claims are subject to class treatment, because Plaintiffs are litigating their Wage Act claims in federal district court.  *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) (holding that Federal Rule of Civil Procedure 23, and not a state law in conflict with Rule 23, governs whether claims can proceed as a class action in federal court); *Casias et al. v. Distribution Mgmt. Corp.*, No. 11-CV-00874-MV-RHS, slip op. at 12-18 (D.N.M. filed Mar. 31, 2014) (holding that the class action procedure set forth in Federal Rule of Civil Procedure 23, and not the collective action procedure established in Section 50-4-26(D), applies to claims under the New Mexico Wage Act brought in federal court) (citing *Shady Grove*, 559 U.S. 393).

hoc approach applies to determine whether putative class members are "similarly situated" under Section 50-4-26(B)(2) of the New Mexico Minimum Wage Act), *cert. denied*, 169 P.3d 408 (2007); *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001) (holding that the ad hoc approach applies to determine whether putative class members are "similarly situated" under the FLSA), *cert. denied*, 536 U.S. 934 (2002).   Because Plaintiffs have not demonstrated (and the Court has not decided) that Plaintiffs' New Mexico Wage Act claims are subject to certification under Rule 23, it is of no consequence that Plaintiffs' state claims may be subject to a longer statute of limitations than their FLSA claims.

II.      Motion to Approve Notice.

In their Motion to Approve Notice, Plaintiffs ask the Court to overrule Defendant's objections to their proposed class definition.   Specifically, Plaintiffs first ask the Court to reject Defendant's argument that the class definition should be limited to those employees whose claims are not time-barred and next ask the Court to reject the argument that the class definition should be limited to exempt employees who actually worked overtime.

Plaintiffs advance the same argument in support of their first request for relief that they asserted in their opposition to the Motion to Reconsider—namely, that the Court should toll the statute of limitations on Plaintiffs' FLSA claims.   The Court already has denied the Motion to Reconsider on the ground that Plaintiffs' claims are not barred by the statute of limitations because the doctrine of equitable tolling is available to Plaintiffs.   The Court now holds that, for the reasons stated herein, the Court will toll the statute of limitations from the September 4, 2012, the date Plaintiffs' filed their Second Motion for Certification, through the date notice issues to the putative class members.   The Court further holds that, as Plaintiffs request, the putative class should be defined for notice purposes consistent with the Court's decision to toll the limitations

period.

In their second request for relief, Plaintiffs ask the Court to reject Defendant's argument that the class definition should be limited to exempt employees who worked overtime.   In support of this request, Plaintiffs maintain that their Wage Act claims are broader in scope than their FLSA claims and that the restrictions Defendant requests are not applicable under the Wage Act.   The Court already has held, however, that Plaintiffs' claims under the New Mexico Wage Act are not relevant to the scope of notice of the claims certified under the FLSA.   *See supra* at 24-26. Therefore, that Plaintiffs' Wage Act claims may be broader than their FLSA claims is not a basis for rejecting Defendant's argument that the class definition for the FLSA claims should be limited to exempt employees and employees who actually worked overtime.   The Court therefore denies Plaintiffs' second request.

Plaintiffs ask the Court, in the alternative, to grant them leave to file a motion to certify their New Mexico Wage Act claims under Federal Rule of Civil Procedure 23.   Defendant has not indicated that a Rule 23 motion would be prejudicial.   The Court therefore grants Plaintiffs leave to file a motion to certify their Wage Act claims under Federal Rule of Civil Procedure 23, provided that they do so within twenty (20) days from the date of this Memorandum Opinion and Order.

## CONCLUSION

For the foregoing reasons, **IT THEREFORE IS ORDERED** that Defendant's Motion and Memorandum in Support Thereof to Reconsider the Court's September 24, 2013, Memorandum Opinion and Order Regarding Conditional Certification and Notice, filed October 4, 2013 [Doc. 56], is hereby DENIED.

**IT FURTHER IS ORDERED** that Plaintiffs' Motion for Approval of Form of

Court-Supervised Notice, or, in the Alternative, for Leave to File Motion for Class Certification Under Rule 23, filed December 2, 2013 [Doc. 62], is hereby GRANTED IN PART as follows:

(1)    When defining the FLSA class for notice purposes, the parties should toll the statute of limitations from September 4, 2012, through the date notice issues to the putative class members.

(2)    When defining the FLSA class for notice purposes, the parties should exclude putative class members who are exempt under the FLSA and putative class members who did not work overtime during the relevant time period.

(3)    The parties shall meet and confer concerning the form and substance of a proposed notice as set forth in the Court's September 24, 2013, Memorandum Opinion and Order.

(4)    Plaintiffs may file a motion to certify their New Mexico Wage Act claims under Federal Rule of Civil Procedure 23, provided that they do so within twenty (20) days from the date of this Memorandum Opinion and Order.

Dated: June 26, 2014

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE